IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

URENCO, USA, INC., *a Delaware Corporation,*
NUCLEAR RISK INSURERS LIMITED,
*Registered in the UK,*
NEIL OVERSEAS DAC, *registered in Ireland*,
NORTHCOURT LIMITED, *Registered in Malta*, and
EUROPEAN MUTUAL ASSOCIATION FOR
NUCLEAR INSURANCE, *Registered in Belgium,*
*as subrogees of* URENCO USA, INC.,

      Plaintiffs,

vs.                                           No. 2:21-cv-01224-KWR-GBW

BAKER CONCRETE CONSTRUCTION, INC.,
*an Ohio corporation*,

      Defendant.

## ORDER DENYING MOTION TO DISMISS

**THIS MATTER** is before the Court upon the Defendant's Motion to Dismiss (**Doc. 13**). Having considered the arguments of counsel, the Court finds that Defendant's motion to dismiss is **NOT WELL-TAKEN** and therefore is **DENIED**.

Plaintiff Urenco owns and operates a commercial uranium enrichment facility. Plaintiff Urenco contracted with Defendant to build an addition to the facility, including the installation of a TPO roof. In March 2019 the roof failed during high winds. Plaintiff alleges that the TPO roof was improperly adhered and improperly installed by Defendant Baker. The roof was about 8.5 years old at the time it failed.

Defendant moves to dismiss, asserting that the relevant New Mexico statute of repose has extinguished the claims in this case. Defendant asserts that Plaintiffs filed their case on December

29, 2021, more than ten years after the roof was installed, in violation of the statute of repose, NMSA 1978 § 37-1-27.  Plaintiff asserts that the statute of repose has been tolled by an express written agreement between the parties. Defendant argues that the written tolling agreement between the parties has no effect and is barred by case law.  The Court disagrees with Defendant.  As explained below, Plaintiffs plausibly state that the written tolling agreement between the parties tolls the statute of repose, NMSA 1978 § 37-1-27.

The Court initially concludes that the motion to dismiss should be denied as moot.  After Defendant filed its motion to dismiss, Plaintiff filed an amended complaint.  Typically, an amended complaint moots a motion to dismiss, and Defendant has not moved to dismiss the amended complaint.

Alternatively, to the extent the Court should address the merits, the Court concludes that Plaintiffs have plausibly stated that the tolling agreements tolled the statute of repose.  The parties entered into tolling agreements which expressly stated that "the Parties agree the statute of repose provided in NMSA § 37-1-27 ("Statute of Repose") will not be raised as a defense by any of the Parties." **Doc. 23, Ex. A.**  It appears to be undisputed that Plaintiffs filed this case within the time period set out in the tolling agreement. *See* **Doc. 23-2, Ex. B, at 1.**  The statute of repose at issue does not expressly prohibit written tolling agreements.  NMSA 1978 § 37-1-27.  Finally, as explained below, the weight of authority allows an express written tolling agreement to toll a statute of repose.

In the absence of any Tenth Circuit, New Mexico, or United States Supreme Court case law on point or cited by the parties, the Court finds *Secretary, U.S. Department of Labor. v. Preston*, 873 F.3d 877, 883 (11th Cir. 2017) instructive.  That case held that a statute of repose may be tolled by a written tolling agreement or express waiver by the parties.  *Id.*

2

Defendant cites to several cases holding that a statute of repose may not be tolled by *equitable* tolling. *See CTS Corp. v. Waldburger,* 573 U.S. 1 (2014) and *Amoco Production Co. v. Newton Sheep Co.,* 85 F.3d 1464 (10th Cir. 1996). The Eleventh Circuit noted that these equitable tolling cases "have nothing to do with express waiver, but rather involve the altogether separate issue of 'equitable tolling.'" *Sec'y, U.S. Dep't of Lab. v. Preston*, 873 F.3d 877, 883 (11th Cir. 2017).

The Eleventh Circuit noted that generally courts have held that statutes of repose could be waived by mutual agreement. *Sec'y, U.S. Dep't of Lab. v. Preston*, 873 F.3d 877, 886 (11th Cir. 2017), *citing Lewis v. Taylor*, 375 P.3d 1205 (Colo. 2016) (statute of repose in that State's Uniform Fraudulent Transfer Act); *Townes v. Rusty Ellis Builder Inc.*, 98 So.3d 1046, 1053–55 (Miss. 2012) (holding that, in general, parties can contractually modify statutes of repose); *Pratcher v. Methodist Healthcare Memphis Hosps.*, 407 S.W.3d 727, 738 (Tenn. 2013) (holding that party could waive statute of repose even implicitly by failing to timely assert it); *FDIC v. Lenk*, 361 S.W.3d 602, 609 (Tex. 2012) (same); *Pinigis v. Regions Bank*, 942 So.2d 841, 847 (Ala. 2006) (same).

Defendant cites to *National Credit Union Admin. Bd. v. Barclays Capital*, Inc.¸ 795 F.3d 387 (10th Cir. 2015). That case noted that "[f]ederal statutes of limitations can often be tolled by agreement. However, the text of the statute can override this general rule and prohibit tolling by agreement." *Nat'l Credit Union Admin. Bd. v. Barclays Cap. Inc.*, 785 F.3d 387, 392 (10th Cir. 2015) (internal citations omitted). That case involved a statute of limitations and not a statute of repose. Moreover, the statute of limitations in that case expressly prohibited the limitations period from being modified by mutual agreement. *Id*. Here, the statute of repose at issue has no such

prohibition, and in contrast, expressly allows the statute of repose to be modified by contract. N.M. Stat. Ann. 1978 § 37-1-27.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss **(Doc. 13)** is **DENIED** as described above.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**